UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

DOUGLAS MARCEL MEEKS,

    Petitioner,

v.

GREGORY A. KIZZIAH, Warden,

    Respondent.

No. 7:18-CV-80-REW

OPINION AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Douglas Marcel Meeks, an inmate at USP Big Sandy in Inez, Kentucky, seeks to challenge his sentence under 28 U.S.C. § 2241. DE #1. Respondent Warden Gregory A. Kizziah responded (DE #13), and Meeks replied (DE #14).[1] This matter is ripe for review. Because Meeks seeks relief unavailable via § 2241, the Court dismisses his petition.

**I.**

In May 2009, a federal jury in the Southern District of Iowa convicted Meeks of conspiring to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1) and distributing at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) (Count 2). *See United States v. Meeks*, No. 3:08-cr-86-JAJ-TJS (2008), at ECF No. 93.

---

[1] Meeks filed a second reply (DE #15), identical to the first other than the date signed. Where relevant, the Court refers to the DE #14 reply.

1

Because the United States (before trial) had noticed its intent under 21 U.S.C. § 851 to seek sentence enhancement based on prior felony drug convictions, Meeks faced a mandatory minimum sentence of life incarceration on Count 1. *See id.* at ECF No. 45 (§ 851 Notice).[2]

On September 15, 2009, the district court—finding that Meeks's prior Cook County, Illinois convictions qualified as felony drug offenses for § 841(b)(1)(A) purposes—sentenced Meeks to life imprisonment on Count 1. The Iowa judge then sentenced Meeks to 360 months' imprisonment on Count 2, to run concurrently. *Id.* at ECF Nos. 143 (Sentencing Minutes), 145 (Judgment). The court further found that Meeks was a career offender under the Sentencing Guidelines, § 4B1.1(a). *See id.* at ECF No. 138 (Sealed Presentence Investigation Report (PIR)),[3] ¶ 45; *id.* at ECF No. 143 (adopting PIR findings and noting Meeks's career offender status).[4] The United States Court of Appeals for the Eighth Circuit affirmed Meeks's conviction and life sentence, *see id.* at ECF No. 166, and subsequent efforts (per § 2255 and otherwise) to obtain relief from his sentence have failed. Meeks now endeavors to collaterally attack his sentence in a § 2241

---

[2] The two alleged priors were: (1) a 2004 Cook County, Illinois Class 1 felony conviction for unlawful delivery of a controlled substance, in violation of 720 Illinois Code § 570/407(b)(2); and (2) a 2008 Cook County Class 4 felony conviction for unlawful possession of a controlled substance, in violation of 720 Illinois Code § 570/402(c). Per No. 08-cr-86, ECF No. 45, the former resulted in a 5-year incarceration sentence and the latter in a sentence of 24 months' probation.

[3] To ensure completeness of the instant record, the Court **DIRECTS** the Clerk to file the attached PIR (already available at ECF No. 138 in Meeks's underlying criminal case) **under seal**.

[4] Meeks's two career-offender predicates were: (1) a 2001 Cook County, Illinois conviction for delivery of cocaine, which the court deemed a controlled substance offense under § 4B1.1(a); and (2) a 2008 Scott County, Iowa conviction for assault on a police officer resulting in bodily injury, deemed a § 4B1.1(a) crime of violence. PIR ¶¶ 45, 51, 55. Though Meeks's career-offender status did not impact his offense level, *id.* at ¶ 45, it bumped him from a criminal history category IV to VI, *id.* at ¶ 60. Of course, the career offender designation did not substantively drive Meeks's Count 1 sentence, as a practical matter, given the statutorily required minimum of life imprisonment.

petition, asserting that he is permitted to do so by the "savings clause"[5] provision within 28 U.S.C. § 2255.

## II.

Federal prisoners generally may not use § 2241 to collaterally attack their sentences, as Meeks seeks to do. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is the proper vehicle for collaterally asserting perceived detention illegality; § 2241, rather, is reserved "for claims challenging the execution or manner in which the sentence is served[,]" such as those involving sentence credit computation issues. *Id.* Critically, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The only—extraordinarily narrow—exception to this rule is found in § 2255(e), known as the "savings clause." The savings clause permits a petitioner to seek a writ of habeas corpus under § 2241 if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the prisoner's] detention." § 2255(e); *see Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). A § 2255 motion is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or a previous § 2255 motion failed. *See Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*,

---

[5] Courts alternatively refer to this clause type as either a *savings* clause or a *saving* clause. *Compare Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1886 (2019) (discussing "the FLSA saving clause") and *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 896 (6th Cir. 2019) (referring to the FAA's "saving clause") *with Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (analyzing the § 2255(e) "savings clause"). The terms are, as a practical matter, interchangeable. *See Saving Clause*, Black's Law Dictionary (11th ed. 2019); *Savings Clause*, Black's Law Dictionary (11th ed. 2019). Without expressing any particular preference, the Court here simply uses the more common variant, in the § 2255(e) context, "savings clause." *See, e.g.*, *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012); *but see Wright v. Spaulding*, 939 F.3d 695, 697 (6th Cir. 2019).

314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). In other words, § 2241 does not provide prisoners another "bite at the apple." *Hernandez*, 16 F. App'x at 360. "It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003) (citation and footnote omitted).

These § 2241 and savings clause limits have, historically, applied with special vigor to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). However, the Sixth Circuit (like several others) has permitted such claims to proceed through § 2255(e) where a new Supreme Court decision—*i.e.*, one issued after the petitioner exhausted his direct appeal and initial § 2255 motion opportunities—clears a path through binding Circuit precedent, thus opening the door to an argument previously unavailable to the petitioner. *See Wright*, 939 F.3d at 703 (discussing *Martin*, 319 F.3d at 804–05) ("[I]n this circuit, a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective . . . [T]he prisoner must also show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument earlier, either when he" appealed his conviction or initially sought § 2255 relief.) (emphases, quotation marks, and citations omitted); *accord Hill*, 836 F.3d at 595 (permitting the petitioner "to petition under § 2241 based on a misapplied sentence" where, among other things, his argument for relief hinged on a retroactive "case of statutory interpretation" that "could not have been invoked in [his] initial § 2255 motion").[6]

---

[6] *Hill* offers two (substantially similar, but not identical) three-part tests for analyzing whether a petitioner can access § 2241 through the savings clause to pursue sentencing relief. *Compare* 836 F.3d at 595 (requiring "(1) a case of statutory interpretation, (2) that is retroactive and could not

4

Meeks's arguments (broadly, challenging his life sentence) fall generally into two categories: (1) challenges to the district court's career-offender determination; and (2) challenges to the district court's statutory sentence enhancement under §§ 841(b)(1)(A) and 851 (for ease of reference, the "§ 851 enhancement"). For the reasons that follow, neither argument set is cognizable in this § 2241 petition.

### III.[7]

First, Meeks argues that *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) require categorical analysis of his 2001 Cook County and 2008 Scott County convictions, disqualifying them as career-offender predicate offenses. Meeks fails to assert any obstacle to challenging these at or after sentencing.

Meeks's inability to specifically cite *Descamps* or *Mathis* at the time of his appeal or § 2255 effort is insufficient to demonstrate that he had no reasonable prior opportunity to argue that categorical analysis applied to his career-offender predicate convictions. *See Wright*, 939 F.3d at

---

have been invoked in the initial § 2255 motion" and (3) a showing that the sentencing error results in a "miscarriage of justice or a fundamental defect") *with id.* at 599–600 (emphasizing that *Hill* pertains only to petitions from prisoners (1) sentenced under the mandatory Guidelines regime, (2) who "are foreclosed from filing a successive petition under § 2255," and (3) who seek relief based on "a subsequent, retroactive change in statutory interpretation by the Supreme Court"). Later courts and litigants have grappled with reconciling these tests and discerning the intended elemental analysis. *See, e.g.*, *Neuman v. United States*, No. 17-6100, 2018 WL 4520483, at *2 n.1 (6th Cir. May 21, 2018), *cert. denied*, 139 S. Ct. 443 (2018); *Wright*, 939 F.3d at 703 (noting that the parties "debate which of the two similar, but differently worded, three-part [*Hill*] tests" apply). The Court need not plunge into the murky *Hill*-test waters here—or even apply *Hill*'s fundamental defect analysis—however, because Meeks cannot make the threshold "no reasonable opportunity" showing required to access § 2241. *See Wright*, 939 F.3d at 705 ("[A] federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief."). Further, Meeks's career offender focus simply is off the mark on Count 1, as discussed.

[7] The career-offender focus has no impact on Count 1. The imposed life term on that Count resulted from § 841(b)(1)(A) enhancement, which in term jumped up to life based on two proven prior felony drug offense final convictions. Career offender or no, the proper predicates invoked the mandatory life punishment. The petition thus is largely academic.

705 ("To be sure, Wright could not cite *Mathis*, specifically, before it existed. But a claim for habeas relief is more than the talismanic force of a new case name."). Neither case created the categorical approach—each merely clarified it. "A new case matters only, if at all, because of the new legal arguments it makes available[,]" *id.*, and neither *Mathis* nor *Descamps* unearthed new legal ground. *See, e.g.*, *Mathis*, 136 S. Ct. at 1151 (quoting *Taylor v. United States*, 110 S. Ct. 2143, 2159 (1990)) ("*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago. All that counts under the Act, we held then, are 'the elements of the statute of conviction.'"). Meeks could have tested the predicates all along.

Meeks thus has not demonstrated that he had "no reasonable opportunity to make his argument earlier" in either his direct appeal or initial § 2255 motion. *Wright*, 939 F.3d at 703. Accordingly, he has not shown that § 2255 is inadequate or ineffective to test detention, as he must to pass through the § 2255(e) savings clause and bring this sentencing error claim via § 2241.

Next, Meeks challenges the § 851 enhancement of his sentence, arguing: (1) that the district court failed to conduct the § 851(b)-required pre-sentencing colloquy; and (2) that, had a 2013 Memorandum issued by former United States Attorney General Eric H. Holder, Jr. been in place at the time of Meeks's prosecution, the prosecutor in his case would have declined to file the § 851 notice in his case. First, Meeks's claim that the sentencing court erred by failing to inquire as to his affirmance or denial of the prior convictions is a claim of ordinary trial error; it is, accordingly, one he could (and must, if at all) have asserted before the trial court, on direct appeal, or in his § 2255 motion. *See, e.g.*, *Perez-Ortiz v. Snyder-Norris*, No. 17-6275, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018) (affirming the district court's rejection of § 2241 petition arguments that, *inter alia*, "were claims of trial error that should have been raised on direct appeal or in his § 2255 motion"); *Anderson v. Ormond*, 352 F. Supp. 3d 767, 777 (E.D. Ky. 2018) (stating that "claims of

ordinary trial error [ ] cannot be pursued in a § 2241 petition"). Meeks does not explain his failure to assert this claim earlier—nor does he allege that he was unable to do so for any reason. Because Meeks has not shown (or even attempted to show) that his appeal or § 2255 remedies were inadequate to address this claim, he has not justified § 2241 review.

Second, Meeks's claim that the prosecutor in his case would not have pursued § 851 enhancement had the Holder Memorandum been in effect is entirely speculative. Petitioner's argument—based on a post-conviction change in the United States Attorney General's departmental policy position—that he *may* have been sentenced differently under different temporal circumstances does not fall within the narrow § 2241 sentencing-claim exception outlined in *Martin*, *Hill*, *Wright*, etc. As the United States notes, prosecutors retain discretion to pursue (or not pursue) sentencing enhancements; though policy memoranda and directives may guide prosecutors' exercise of that discretion, it neither binds them nor, certainly, the courts. *See United States v. Reed*, 576 F. App'x 60, 62 (2d Cir. 2014) (clarifying that "the [2013] Holder Memo is simply a policy statement and does not provide a legal basis on which a defendant can challenge a statutory mandatory minimum sentence"); *see id.* (recognizing the breadth of prosecutorial discretion and explaining that "[t]he Attorney General's exercise of that discretion through policy statements and guidance does not legally bind prosecutors or, more importantly, the courts"); *cf. United States v. Smith*, 510 F.3d 603, 609 (6th Cir. 2007) ("Smith has pointed to no cases which limit a prosecutor's discretion to choose between pursuing a substantive offense or a sentence enhancement. To the contrary, a prosecutor is generally considered to have broad discretion.") (citation omitted). Meeks cites no legal authority (retroactive and statutory, or otherwise) for the hypothetical assertion that his sentence would not have been § 851-enhanced post-Holder

Memorandum; this claim falls well outside the strictly circumscribed bounds of § 2241 sentencing review.[8]

**IV.**

For all of these reasons, Meeks fails to merit the narrow savings clause relief discussed and, consequently, he may not challenge his sentence via § 2241. Meeks establishes no basis for habeas relief, and the Court **ORDERS** as follows:

1. The Court **DENIES** Meeks's petition (DE #1); and

2. The Court, given this outcome, **DENIES AS MOOT** pending DE #16.

The Court will enter Judgment contemporaneously with this Order.

This the 13th day of November, 2019.

Signed By:
*Robert E. Wier*
United States District Judge

---

[8] Within his broader § 851 enhancement argument, Meeks (perfunctorily, *see* DE #1-1 at 40) claims that his predicate Cook County possession conviction does not qualify as a "felony drug offense," for § 802(44) purposes, because he received probation and did not spend more than a year incarcerated for the offense. At the time of Meeks's sentencing, however, enhancement under § 841(b)(1)(A) simply required, for "felony drug offense" qualification, that the offense be "*punishable by* imprisonment for more than one year[.]" 21 U.S.C. § 802(44) (emphasis added). And, though the First Step Act of 2018 did impose a year-minimum actual service requirement, *see* Pub. L. No. 115-391, 132 Stat. 5194, § 401(a)(1) (2018), that change is inapplicable to Meeks's case. *See id.* at § 401(c) (limiting § 401's application to offenses "committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment").